**STATE of Missouri, Respondent,**

v.

**Hurshall Owen WITTY, Appellant.**

**No. 42122.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
May 11, 1981.

Phillip J. Barkett, Jr., Sikeston, for appellant.

Mark Comley, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, Stephen N. Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of possession of a Schedule I controlled substance (L.S.D.) and his sentence by the court as a prior drug offender to eight years imprisonment. We affirm.

As his first point, defendant challenges the procedures followed after the trial court sustained his motion for change of venue. Pursuant to that change of venue, the case was transferred from Cape Girardeau County in the 32nd Circuit to Perry County in the 24th Circuit. The presiding circuit judge (Judge Murphy) for the latter circuit disqualified himself and notified the Supreme Court of that disqualification. *See* Rule 30.13, (1979). He also notified the Supreme Court of the availability of Judge Stanley Grimm of the 32nd Circuit to try the case and requested his assignment for that purpose. The Supreme Court transferred Judge Grimm to the 24th Circuit for the trial of defendant. At hearing on Witty's motion to remand to the Supreme Court for reassignment of judge, Judge Grimm stated that because the workload in the 24th Circuit was larger than that in his circuit, the judges in the 32nd Circuit had indicated their willingness to try cases sent to the 24th Circuit on change of venue (not, obviously on disqualification of judge).

■ Defendant contends that upon his disqualification, Judge Murphy lost jurisdiction to do anything, including suggesting Judge Grimm's availability or requesting his assignment. We disagree. The transfer of Judge Grimm was made by the Supreme Court, not by Judge Murphy. The rule specifically provides for the disqualifying judge to request a judge to sit in his circuit or to notify the Supreme Court of the need for a transfer. We find nothing improper in including in that request advice of the availability of a particular circuit judge to sit. Nor is there anything improper about the agreement existing between the two circuits. A change of venue because of the prejudice of the inhabitants of the county does not carry with it an automatic change of judge. *See* Rule 30.01, 1979. Unless the judge has been personally disqualified from sitting, the venue change creates no such disqualification. That judges of one circuit are agreeable to not imposing their workload on the judges of another circuit is commendable and in no way prejudices the defendant. The point has no merit.

The defendant next contends that the trial court erred in failing to suppress a statement made by defendant after he had invoked his right to counsel prior to interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ Following his arrest defendant was taken to a room for interrogation by a Corporal Barber of the Cape Girardeau police department. Barber read defendant his *Miranda* rights including the right to counsel. Defendant stated he desired counsel before any questioning. Barber asked him to sign a waiver of rights form to acknowledge that he had been advised of his rights.[1] Defendant did so. Barber asked no further questions and made no further statements, but instead began collecting his papers preliminary to leaving the room. As he was collecting his papers, defendant stated that he still wanted a lawyer but would say that "the acid [found on his person] was for my own personal use."

Defendant asserts the statement should have been suppressed because taken contrary to the provisions of *Miranda*. He relies upon *State v. Stevenson*, 523 S.W.2d 349 (Mo.App.1975). There, defendant exer-

1. The form used was the only form available at the police station. We doubt the wisdom of utilizing a "Waiver of Rights" form as an acknowledgment that rights have been explained where the defendant is asserting his rights, not waiving them. Here, however, both Barber and defendant agree that the form was used solely as an acknowledgment and not as a waiver.

cised his right to counsel. The police officer asked no further questions but remained in the room and gave no indication that he would leave. This situation continued for several minutes at which time defendant made an inculpatory statement. The court held that the officer's continued presence in the room with no indication that he would respect defendant's assertion of his rights constituted compulsion contrary to *Miranda*. *Stevenson* is clearly distinguishable from the case before us. Here the officer immediately began preparing his papers preliminary to leaving and indicated that he fully intended to honor defendant's assertion of his rights. Defendant's volunteered statement was not given under any impermissible compulsion. *State v. Jones*, 558 S.W.2d 233 (Mo.App.1977).

We have carefully reviewed defendant's remaining five points and find them to be without merit. Discussion of those points would have no precedential value.

Judgment affirmed.

SATZ, P. J., and SIMON, J., concur.